## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

| | |
|---|---|
| JEAN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. _____ |
| | ) |
| MANHEIM REMARKETING, INC., and | ) |
| COX AUTOMOTIVE VEHICLE ACQUISITION | ) |
| SERVICES, LLC | ) |
| | ) |
| Defendants. | |

### DEFENDANTS' NOTICE OF REMOVAL

Defendants Manheim Remarketing, Inc. ("Manheim") and Cox Automotive Vehicle Acquisition Services, LLC ("Cox") (collectively "Defendants"), by their attorneys and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice of Removal of Case No. 19 CVS 1394, which is pending in the General Court of Justice, Superior Court Division, Iredell County, North Carolina. In support of this Notice, Defendants state as follows:

### BACKGROUND

1.     On May 22, 2019, Plaintiff Jean Smith filed a complaint (the "Complaint") and initiated an action in the General Court of Justice, Superior Court Division, Iredell County, North Carolina, titled *Jean Smith v. Manheim Remarketing, Inc., and Cox Automotive Vehicle Acquisition Services, LLC*, Case No. 19 CVS 1394, alleging that Defendants wrongfully terminated her employment and seeking to recover compensatory damages, punitive damages, and attorneys' fees and costs in an as of yet unspecified amount.

2.     Manheim was served with a Summons and the Complaint on May 31, 2019. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and all other process, pleadings, and orders served on Manheim are attached as Exhibit A.

3. Cox was served with a Summons and the Complaint on May 31, 2019. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and all other process, pleadings, and orders served on Cox are attached as Exhibit B.

## DIVERSITY JURISDICTION

4. This action is also removable under 28 U.S.C. § 1441 because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The requirements of 28 U.S.C. § 1332(a) have been met because, as set forth below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

**A. The Parties Are Diverse.**

5. Plaintiff and Defendants are citizens of different states because (a) Plaintiff is a citizen of North Carolina; and (b) Defendants are not citizens of North Carolina as they have neither been incorporated in North Carolina nor have they established their principal places of business in North Carolina. *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation is a citizen of every state "by which it has been incorporated" and "where it has its principal place of business").

6. Plaintiff is a citizen and resident of Iredell County, North Carolina (Compl. ¶ 1).

7. Manheim is a corporation organized under the laws of the State of Delaware. (*See* Compl. ¶ 2; *see also* Declaration of Angus Haig, Senior Vice President and General Counsel, attached hereto as Exhibit C).

8. Manheim has its principal place of business in Georgia. (*See* Exhibit C ¶ 4) .

9. Cox is a limited liability company organized under the laws of the State of Delaware. (Compl. ¶ 3; *see also* Exhibit C ¶ 5. ). Cox has its principal place of business in Georgia. (*See* Exhibit C ¶ 5).

**B.      The Amount In Controversy Exceeds $75,000.**

10.      In an June 17, 2019 e-mail from Plaintiff's counsel to Defendants in-house counsel, Plaintiff's counsel demanded that Defendants pay her One Hundred Ten Thousand Dollars and 00/100 ($110,000.00) in damages resulting from Defendants' alleged wrongful discharge of Plaintiff.  (*See* June 17,  2019 E-Mail attached hereto as  Exhibit D).

11.      Plaintiff's offer of compromise is per se evidence that the amount in controversy exceeds $75,000.  *See AM-Rail Constr., Inc. v. A&K R.R. Materials, Inc.*, No. 1:16CV520, 2017 WL 414382, at *3 (M.D.N.C. Jan. 31, 2017) (finding that "a number of courts… have held that settlement offers can be used to establish the amount in controversy for jurisdictional purposes where such amount is not ascertainable from the Complaint") (internal citations omitted); *see also Green v. Caterpillar Inc.*, No. 2:14-CV-26-MR-DSC, 2014 WL 4798705, at *3 (W.D.N.C. Sept. 26, 2014) (holding that "it is clear the Court may consider, in fact must consider, evidence outside Plaintiff's pleading" for purposes of meeting amount in controversy where complaint was silent on the same and noting "[i]n this regard, the Defendant has submitted a very valuable piece of information: Plaintiff's counsel's demand letter").  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

VENUE AND TIMELINESS

12.      Because this action is pending in the General Court of Justice, Superior Court Division, Iredell County, North Carolina, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

13.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days after Defendants receipt of a copy of the initial pleading setting forth the claim against it for relief upon which this action is based.

14. Defendants are, pursuant to Local Civil Rule 73.1(b), attaching a copy of the Case Assignment Notice, the Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction, and the Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge forms (the "Case Assignment and Magistrate Forms") as part of their Notice of Removal. A copy of the Case Assignment and Magistrate Forms is attached as <u>Exhibit E</u>.

15. Prompt written notice of this Notice of Removal is being sent to Plaintiff, to both the Clerk of Court and the Superior Court Trial Court Coordinator of the General Court of Justice, Superior Court Division, Iredell County, North Carolina, as required by 28 U.S.C. § 1446(d) and Local Rule of Practice for Superior Court Cases Judicial District 22A - Alexander and Iredell Counties 12.4. A copy of the notice is attached as <u>Exhibit F</u>.

16. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Defendants' factual allegations have evidentiary support and their legal contentions are warranted by existing law. The undersigned also certifies that this Notice is not interposed for any improper purpose, such as to harass, cause needless delay, or increase the cost of litigation.

Date: July 1, 2019

Respectfully submitted,

MANHEIM REMARKETING, INC., and
COX AUTOMOTIVE VEHICLE
ACQUISITION SERVICES, LLC

By: */s/ Honore N. Hishamunda*
    Alex S. Drummond\*
    Georgia Bar No. 231116
    adrummond@seyfarth.com
    Honore Hishamunda
    North Carolina Bar No. 49673
    hhishmunda@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree St. NE, Suite 2500
    Atlanta, Georgia 30309-3958
    Phone: (404) 885-1500
    Facsimile: (404) 892-7056

\* *Pro Hac Vice* application to be filed

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

| | |
|---|---|
| JEAN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. _____ |
| | ) |
| MANHEIM REMARKETING, INC., and | ) |
| COX AUTOMOTIVE VEHICLE ACQUISITION | ) |
| SERVICES, LLC | ) |
| | ) |
| Defendants. | |

## CERTIFICATE OF SERVICE

I certify that on July 1, 2019, I electronically filed ***DEFENDANTS' NOTICE OF***

***REMOVAL*** with the Clerk of Court and sent notification of such filing by the United States

Postal Service and electronic mail to the following attorney of record:

> S. Luke Largess
> TIN, FULTON, WALKER & OWEN, PLLC
> 301 East Park Avenue
> Charlotte, North Carolina 28203
> llargess@tinfulton.com

> /s/ *Honore N. Hishamunda*
> Counsel for Defendants